IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SOCIEDAD MILITAR SEGURO DE VIDA,<br><br>Applicant. | MISCELLANEOUS FILE NO.<br><br>1:13-MI-0036-JOF-ECS |

**O R D E R**

This matter is before the Court on the ex parte application of Sociedad Militar Seguro de Vida ("SMSV") for judicial assistance in obtaining evidence for use in a foreign proceeding pursuant to 28 U.S.C. § 1782(a). [Doc. 1]. For the reasons expressed herein, SMSV's application is **GRANTED**.

**I.
Background**

SMSV is an Argentinean financial services organization that manages funds and makes investments on behalf of members of the country's armed forces. [Doc. 1-1 ¶ 3]. SMSV is also the plaintiff in a lawsuit in the Court of First Instance in Curaçao. [Id. ¶ 29]. The defendants in the lawsuit are Lifetrade Management Company, LLC; Roy Charles Smith; John Marcum; TMF Curaçao, N.V.; and KPMG Accountants, B.V. [Id.].

The nature of the Curaçao lawsuit is a securities action. In relevant part, SMSV alleges that it made investments in the Lifetrade Fund, B.V. (the "Fund"), an investment vehicle

incorporated in Curaçao, which purportedly invests in securities backed by a pool of U.S. life insurance policies. [Id. ¶ 4]. SMSV alleges that agents of the Fund made a number of material misrepresentations and omissions in the process of soliciting investments from SMSV, which resulted in a loss to SMSV of approximately $14.5 million in U.S. dollars. [Id. ¶¶ 27-28].

The misrepresentations and omissions allegedly were made over a number of years. Of note here, SMSV alleges that statements were made during a meeting in Atlanta in 2011. During the Atlanta meeting, representatives of the Fund allegedly provided SMSV's representatives with information about "the Fund's method of evaluating and purchasing policies, measuring life expectancies, valuing policies incorporated into the Fund's portfolio, monitoring maturing policies, and the legal risks associated with the Fund's investments processes." [Id. ¶ 15]. But the Fund's agents allegedly did not disclose certain material information about the Fund's financial condition, including its "deteriorating credit situation" and the possibility that investors' redemptions would be suspended. [Id. ¶ 16].

In the instant application, SMSV seeks an Order authorizing it to issue and serve subpoenas ad testificandum and duces tecum upon the following entities, who either reside or can be found in this district: AVS Servicing, LLC; AVS Underwriting, LLC; John Marcum;

2

JPMorgan Chase Bank, N.A.; Lifetrade Management Company, LLC; LT Investment, Inc.; Philip Loy; Roy Smith; and Wells Fargo Bank, N.A. [Docs. 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12]. SMSV also seeks an Order directing that the above persons preserve evidence in their possession, custody, or control that is relevant to the subject matter of the Curaçao proceedings. [Doc. 1 at 21]; [Doc. 1-3 ¶ 4].

According to SMSV, the above persons' roles in the events underlying the Curaçao proceedings are as follows:

Lifetrade Management Company, AVS Servicing, and AVS Underwriting each play a role in administering and servicing the Fund's investment portfolio. Lifetrade Management Company is the Fund's investment manager and is responsible for all of the Fund's investment decisions. [Doc. 1-2 ¶ 11.a]. AVS Servicing is a "sub-servicer" for the Fund and provides asset management and other services. [Id.]. AVS Underwriting "may have served as a life expectancy provider" for the Fund. [Id.]. SMSV believes that these companies possess evidence relevant to SMSV's securities action in Curaçao, including information and documents regarding the Fund's investments, assets, liquidity, and financial position. Of these three entities, only Lifetrade Management Company is a party to the Curaçao action.

3

John Marcum is the CEO and a managing director of Lifetrade Management Company, as well as an officer of AVS Underwriting. [Id. ¶ 15.e]. Mr. Marcum was present at the Atlanta meeting discussed above. [Doc. 1-1 ¶ 14]. Roy Smith is another managing director of Lifetrade Management Company and the chairman and founder of the Fund. [Doc. 1-2 ¶ 15.f]. SMSV believes Mr. Marcum and Mr. Smith both possess personal knowledge and documents relevant to the underlying proceeding. Both are named defendants in the Curaçao action.

Philip Loy is the CEO of AVS Servicing. [Id. ¶ 15.g]. Mr. Loy is not a party to the underlying action, but SMSV believes he may possess relevant evidence, including information and documents of AVS Servicing's relationship with the Fund. Mr. Loy was also present at the Atlanta meeting. [Doc. 1-1 ¶ 14].

Wells Fargo is the Fund's custodian and escrow agent. [Doc. 1-2 ¶ 15.h]. It is also the lender under a credit facility agreement with the Fund, through which the Fund purchased the life insurance policies that backed its portfolio. [Id. ¶ 11.d]. As security for the Fund's obligations under the credit facility agreement, the life insurance policies were pledged to Wells Fargo. [Id.]. In 2012, the Fund experienced liquidity problems and began renegotiating the terms of its credit facility agreement with Wells Fargo. [Doc. 1-1 ¶ 21]; [Doc. 1-2 ¶ 11.e]. SMSV thus believes that Wells Fargo may

4

possess evidence relevant to its claims against the defendants. Wells Fargo is not itself a party to the Curaçao action.

LT Investments holds debt securities of Lifetrade Life Settlements, Ltd. (Ireland) ("Lifetrade Ireland"), which it purchased from the Fund in exchange for preferred shares in the Fund. [Doc. 1-2 ¶ 15.a]. Lifetrade Ireland was another guarantor of the Fund's Wells Fargo credit facility and the "true ultimate owner" of the life insurance policies that secured the credit facility. [Doc. 1-1 ¶¶ 10, 26]. In 2012, after Wells Fargo moved to foreclose on notes Lifetrade Ireland issued as guaranty, Lifetrade Ireland and Wells Fargo reached a settlement the details of which are unknown to SMSV. [Id. ¶ 26]. SMSV believes that LT Investments may possess information and documents regarding Lifetrade Ireland's settlement with Wells Fargo, the value of the Fund's life insurance portfolio, and any due diligence information the Fund provided to Wells Fargo or KPMG. LT Investments is not a party to the Curaçao action.

JPMorgan Chase is the Fund's "U.S. banking entity" and "is referenced in a number of the Fund's marketing materials." [Doc. 1-2 ¶ 15.i]. Hence, SMSV believes JPMorgan Chase may have information and documents regarding the Fund's investments, assets, liquidity, and financial position. JPMorgan Chase is not a party to the Curaçao action.

## II.
## Applicable Law

28 U.S.C. § 1782(a) provides that a district court may order a person who resides or is found in the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." Such order may be made "upon the application of any interested person." § 1782(a).

The Supreme Court has held that "§ 1782(a) authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 246, 124 S. Ct. 2466, 2473 (2004). Following the Supreme Court's direction in Intel, the Eleventh Circuit applies a four-part test for authorizing judicial assistance:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

In re Clerici, 481 F.3d 1324 (11th Cir. 2007) (quoting 28 U.S.C. § 1782(a)) (footnote omitted).

6

In addition, once a district court determines that it has the authority to afford judicial assistance in a foreign proceeding, the court must then weigh the following factors to decide if judicial assistance is appropriate:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

In re Clerici, 481 F.3d at 1334 (quoting Intel, 542 U.S. at 264-65, 124 S. Ct. at 2483).

### III.
### Discussion

**A.   Is Judicial Assistance Authorized Under 28 U.S.C. § 1782(a)?**

Applying the four-part test established in Intel, the undersigned finds that the Court has the authority to afford judicial assistance under the facts presented.

First, the instant application was submitted by an "interested person." § 1782(a). "No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782 . . . ." Intel, 542 U.S. at 256, 124 S. Ct. at 2478.

7

Thus, as the plaintiff in the Curaçao action, SMSV is an "interested person." Second, the application seeks evidence in the form of testimony and the production of documents. SMSV seeks authority to issue subpoenas <u>ad</u> <u>testificandum</u> and <u>duces</u> <u>tecum</u> to nine different entities. Third, the evidence sought is "for use in a proceeding in a foreign or international tribunal." § 1782(a). In this case, SMSV's proposed subpoenas seek evidence for use in a securities action in Curaçao's Court of First Instance, which clearly qualifies as a foreign tribunal. Finally, the persons from whom discovery is sought reside or can be found in this district. According to SMSV, each of the discovery targets resides or conducts business in the Northern District of Georgia.

Accordingly, this Court has authority to offer judicial assistance under § 1782(a).

**B.   Is Judicial Assistance Appropriate Under the <u>Intel</u> Factors?**

Having found that § 1782(a) grants this Court authority to afford the requested relief, the Court must next consider whether such relief would be appropriate. Applying the factors set forth in <u>Intel</u>, the undersigned finds judicial assistance to be appropriate in this case.

The first factor to consider is whether "the person from whom discovery is sought is a participant in the foreign proceeding." <u>Intel</u>, 542 U.S. at 264, 124 S. Ct. at 2483; <u>In re Clerici</u>, 481 F.3d

at 1334. This factor weighs in favor of granting SMSV's application because six of the nine discovery targets are not parties to the Curaçao action. The Court of First Instance in Curaçao would not have jurisdiction over these entities and therefore would be unable to compel them to produce the testimony and documents requested. See Intel, 542 U.S. at 264, 124 S. Ct. at 2483.

Three of the discovery targets, however, are named defendants in the Curaçao proceeding. When discovery is sought from a party in the foreign action, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." Intel, 542 U.S. at 264, 124 S. Ct. at 2483. Nevertheless, one of the "twin aims" of § 1782 is to provide "efficient assistance to participants in international litigation." Id. at 252, 124 S. Ct. at 2476.[1] If the Court grants SMSV's application as to the nonparties, it is more efficient to grant the application as to the named defendants as well, rather than force SMSV to petition the Curaçao court first and then return here if its efforts fail. Cf. In re Procter & Gamble Co., 334 F. Supp. 2d 1112, 1115 (E.D. Wis.

---

[1] The other "twin aim" is "encouraging foreign countries by example to provide similar assistance to our courts." Intel, 542 U.S. at 252, 124 S. Ct. at 2476.

2004) (granting § 1782(a) application for discovery as to party in foreign action on grounds of efficiency).

Moreover, "Section 1782(a) does not contain an exhaustion requirement." In re Roz Trading Ltd., 469 F. Supp. 2d 1221, 1229 (N.D. Ga. 2006). Thus, because SMSV meets the statute's requirements for each of the discovery targets here, SMSV is "entitled under the present circumstances to seek judicial assistance for use in the foreign proceedings, regardless of other discovery means that may be available" for the three entities who are parties. Id. at 1230. The first factor thus weighs in favor of granting SMSV's application.

Next, the Court must consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." Intel, 542 U.S. at 264, 124 S. Ct. at 2483; In re Clerici, 481 F.3d at 1334. In this case, the undersigned is aware of nothing to suggest that the Court of First Instance in Curaçao would not be receptive to judicial assistance from this Court. This factor thus weighs in favor of granting SMSV's application.

Third, the Court must consider "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United

10

States." Intel, 542 U.S. at 264-65, 124 S. Ct. at 2483. On the basis of the record before this Court, the undersigned finds nothing to suggest that SMSV is concealing "an attempt to circumvent foreign proof-gathering restrictions." Id. Thus, consideration of this factor favors granting SMSV's application.

The final factor to consider is whether the request is "unduly intrusive or burdensome." Intel, 542 U.S. at 265, 124 S. Ct. at 2483; In re Clerici, 481 F.3d at 1334. In this case, SMSV's proposed subpoenas request information and documents that relate to the Fund at issue in the Curaçao lawsuit, and they appear to be sufficiently limited in scope and narrowly tailored to satisfy the requirements of § 1782(a). Thus, SMSV's requests do not appear to be unduly intrusive or burdensome.

Moreover, granting SMSV's application on an ex parte basis is further justified by the fact that any of the persons from whom discovery is sought may file a motion to quash if that person objects to any part of the subpoena. "[E]x parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." In re Chevron Corp., No. 1:10-MI-0076-TWT-GGB, 2010 WL 8767265, at *5 (N.D. Ga. Mar. 2, 2010) (quoting In re Letter

11

of Request from Supreme Court of Hong Kong, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991)).

Accordingly, SMSV's ex parte application for judicial assistance pursuant to 28 U.S.C. § 1782(a), [Doc. 1], is **GRANTED**.

## IV.
## Conclusion

For the foregoing reasons, Sociedad Militar Seguro de Vida's application for judicial assistance pursuant to 28 U.S.C. § 1782(a), [Doc. 1], is **GRANTED**.

It is hereby **ORDERED** that Sociedad Militar Seguro de Vida is authorized, under 28 U.S.C. § 1782(a), to have issued and to serve the proposed subpoenas ad testificandum and duces tecum, [Docs. 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12], upon the following persons: AVS Servicing, LLC; AVS Underwriting, LLC; John Marcum; JPMorgan Chase Bank, N.A.; Lifetrade Management Company, LLC; LT Investment, Inc.; Philip Loy; Roy Smith; and Wells Fargo Bank, N.A. Each of the above persons is **DIRECTED** to preserve the documents and evidence sought by SMSV, as identified in the subpoena. **IT IS FURTHER ORDERED** that each of the above persons be served with this Order and also allowed thirty (30) days from the date of service of the Order and subpoena to comply.

There being no further matters to adjudicate, the Clerk is **DIRECTED** to close this miscellaneous matter.

**SO ORDERED**, this 26th day of March, 2013.

    s/ *E. Clayton Scofield*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

13